## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **OLIVER RICARDO COLEMAN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: DLB-21-68** |
| **MICHAEL GILCHRIST, ET AL.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER

Plaintiff Oliver Ricardo Coleman, proceeding without counsel, filed suit on behalf of his minor granddaughter against employees of Prince George's County Public Schools and alleged violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the Americans with Disabilities Act ("ADA"). ECF 1. The defendants moved to dismiss. ECF 12. Plaintiff opposed the motion and moved to amend his complaint, ECF 14 & 16. Defendants opposed the motion to amend. ECF 17. For the reasons stated in this opinion, defendants' motion to dismiss is granted in part and denied in part without prejudice. Plaintiff's motion to amend his complaint is granted.

### I.     Background

On January 8, 2021, plaintiff filed a complaint in which he alleged his granddaughter, of whom he is the primary custodian, has been denied special education services by employees of the Prince George's County Public Schools. ECF 1, at 8; ECF 1-5. Specifically, he alleges that his granddaughter was passed to the tenth grade after failing the ninth grade and that he has requested she be moved to a smaller high school to accommodate her disability. ECF 1, at 8. He alleges his

granddaughter "does not understand her classwork and has only seen the school psychologist, Ms. Tiffany Hugh[e]s, twice in two years at Crossland [High School]." *Id.*   He alleges his granddaughter was refused "504 testing" and an IEP.  *Id.* at 7.  He named school employees Michael Gilchrist, Jacquelyn R. Brown, Dwight Benjamin, Kevin Coleman, Tanika Johnson, Tiffany Hughes, Traci Nichols, Ed Ryans, Lena Fraser, Wilma C. Bading, Romanda Thompson, and Sharonda Scott as defendants.  ECF 1.

The defendants moved to dismiss plaintiff's complaint on the grounds that plaintiff failed to state a claim upon which relief could be granted because no individual liability exists under Section 504 or the ADA and that the Court lacks subject matter jurisdiction because plaintiff did not allege in his complaint that he exhausted his administrative remedies.  ECF 12.  Plaintiff thereafter moved to amend his complaint to name the Board of Education of Prince George's County as a defendant and opposed the motion to dismiss on the grounds that he did exhaust his administrative remedies.  ECF 14 & 16.  In response, defendants argue plaintiff's motion to amend his complaint should be denied because it does not comply with Local Rule 103.6, which requires that a proposed amended pleading accompany any motion to amend, and because the motion is otherwise futile.  ECF 17.

## II.     Discussion

Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see* Fed. R. Civ. P. 12(b)(6).[1]  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)).  When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true.  *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387 (quoting *Twombly*, 550 U.S. at 555)).

"Federal courts are obliged to liberally construe filings by pro se litigants." *United States v. Brown*, 797 F. App'x 85, 89 (4th Cir. 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 510 (1972)). "[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears

---

[1] The defendants moved to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject matter jurisdiction.  Defendants posit that Rule 12(b)(1) governs when a plaintiff fails to allege administrative exhaustion. ECF 16.  Courts have split on whether Rule 12(b)(1) or 12(b)(6) governs a motion to dismiss based on a failure to exhaust administrative remedies.  *See Loper v. Howard Cnty. Pub. Sch. Sys.*, No. ELH-20-3789, 2021 WL 3857857, at *7–9 (D. Md. Aug. 27, 2021) (discussing the split caselaw on whether the exhaustion requirement is jurisdictional or a "mere claims processing provision[]" (quoting *Southward v. Wicomico Cnty. Bd. of Educ.*, 79 F. Supp. 3d 552, 556 (D. Md. Jan. 13, 2015))).  The Court will test the sufficiency of the complaint under Rule 12(b)(6).  Because plaintiff is ultimately granted leave to amend his complaint, whether 12(b)(1) or 12(b)(6) controls is immaterial.

beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting *Haines*, 404 U.S. at 521) (internal quotation marks omitted).  Nevertheless, a plaintiff is required "to demonstrate more than a sheer possibility that a defendant has acted unlawfully."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's claims against the individual defendants must be dismissed because neither the ADA nor Section 504 permit suits by private individuals against individual defendants.  *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1994) (citing Title II of the ADA, 42 U.S.C. § 12132, and noting that statute is "prohibiting denial of benefits or discrimination by a 'public entity'" rather than imposing individual liability); *A.B. v. Balt. City Bd. of Sch. Comm'rs*, No. WMN-14-3851, 2015 WL 4875998, at *6 (D. Md. Aug. 13, 2015) ("Defendants have also moved to dismiss the Section 504 and ADA claims brought against the Individual Defendants . . . .  There is clearly no individual capacity liability under either statute." (citing *Young v. Barthlow*, No. RWT-07-662, 2007 WL 5253983, at *2 (D. Md. Nov. 7, 2007), *aff'd* 267 F. App'x 250 (per curiam))).  Accordingly, the claims against Michael Gilchrist, Jacquelyn R. Brown, Dwight Benjamin, Kevin Coleman, Tanika Johnson, Tiffany Hughes, Traci Nichols, Ed Ryans, Lena Fraser, Wilma C. Bading, Romanda Thompson, and Sharonda Scott are dismissed.

In his motion to amend, plaintiff seeks to add a proper "public entity" defendant, the Board of Education of Prince George's County.  Pursuant to Rule 15, courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A motion to amend should only be denied when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 217–18 (4th Cir. 2019) (quoting *Edwards*, 178 F.3d at

242); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  By requesting permission to name the proper defendant in his complaint, plaintiff has acted in good faith.  As for prejudice to the opposing party, the Court finds none.

Defendants argue the amendment would be futile because plaintiff has failed to exhaust his administrative remedies and any complaint against the Board of Education would be dismissed for lack of subject matter jurisdiction.  Defendants correctly point out that plaintiff did not allege in his complaint that he exhausted his administrative remedies.  However, in plaintiff's motion to amend his complaint, he states that he "**did** exhaust all administrative remedies under [the] IDEA before [the] Maryland Office of Administrative Hearings. (MSDE-PGEO-OT-05541)."  ECF 16, at 2 (emphasis in original).  In response, defendants argue that plaintiff cannot prove he exhausted his administrative remedies because he attached to his motion documentation of a May 2021 IEP meeting regarding his granddaughter, which occurred months after his complaint was filed.  ECF 17, at 3–6.  But plaintiff's complaint discusses two different academic years: 2019–20 and 2020–21.  ECF 1, at 8.  "When parents of a disabled child challenge multiple IEPs in court, they must have exhausted their administrative remedies for *each academic year* in which an IEP is challenged."  *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d, 523, 536 (4th Cir. 2002) (emphasis in original).  It may be that plaintiff has exhausted his administrative remedies for the 2019–20 academic year but not for the 2020–21 academic year.  Based on plaintiff's representation that he has exhausted his administrative remedies, the Court does not find, at this stage in the proceedings, that amendment of the complaint would be futile.  It is plausible that plaintiff could amend his complaint to adequately allege administrative exhaustion for at least one school year.

The Court notes plaintiff does not dispute that he is required to exhaust his administrative remedies, even though the ADA and Section 504, under which he brings his claims, do not have

administrative exhaustion requirements.  *See Lucas v. Henrico Cnty. Sch. Bd.*, 822 F. Supp. 2d 589, 603–04 (Sept. 30, 2011) ("Courts have uniformly held that non-federal employees need not exhaust administrative remedies before bringing a private action under Section 504 of the Rehabilitation Act."); 28 C.F.R. § 35.172(d) ("At any time, the complainant may file a private suit pursuant to . . . 42 U.S.C. [§] 12133, whether or not the designated agency finds a violation."). The administrative exhaustion requirement for plaintiff's claims was set forth in the Supreme Court's decision in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017).  In *Fry*, the Supreme Court held that claims brought under statutes such as the ADA and Section 504 are subject to the administrative exhaustion requirement of the Individuals with Disabilities Education Act ("IDEA") if "the gravamen of a complaint seeks redress for a school's failure to provide a [free appropriate public education], even if not phrased or framed in precisely that way." *Fry*, 137 S. Ct. at 755.  Here, plaintiff complains his granddaughter's school failed to give her an IEP or evaluate her capabilities, and he seeks redress for the school's failure to provide his granddaughter a free appropriate public education.  The IDEA exhaustion requirement therefore applies to his claims.  The courts recognize few exceptions to the requirement.  *See Z.G. by and through C.G. v. Pamlico Cnty. Pub. Schools Bd. of Educ.*, 744 F. App'x 769, 777 (4th Cir. 2018).

For these reasons, plaintiff is granted to leave to amend his complaint to add the Board of Education of Prince George's County as a defendant and to allege, if there is a good faith basis for doing so, that he exhausted his administrative remedies.  Plaintiff is advised the amended complaint will replace the original complaint.  *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).  Therefore, the amended complaint must be a stand-alone document that includes all the allegations against the defendant.  Defendant's motion to dismiss is granted in part and denied in

part.  The claims against the individual defendants are dismissed.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is hereby ORDERED:

(1) Defendant's motion to dismiss is GRANTED in part and DENIED in part without prejudice;

(2) The claims against defendants Michael Gilchrist, Jacquelyn R. Brown, Dwight Benjamin, Kevin Coleman, Tanika Johnson, Tiffany Hughes, Traci Nichols, Ed Ryans, Lena Fraser, Wilma C. Bading, Romanda Thompson, and Sharonda Scott are DISMISSED;

(3) Plaintiff is GRANTED 21 days in which to file an amended complaint, which should include allegations made in good faith that he exhausted his administrative remedies.

Date: <u>November 19, 2021</u>

_____
Deborah L. Boardman
United States District Judge